UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LI HUA QIAO,

Petitioner

07 Civ. 3727 (SHS)

-against-

UNITED STATES OF AMERICA,
        Respondent,

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## PETITION FOR WRIT OF ERROR CORAM NOBIS

### PRELIMINARY STATEMENT

Petitioner Li Hua Qiao ("Petitioner" or "Mr. Qiao") submits this reply memorandum of law in support of his petition for writ of error coram nobis. In this case, the government concedes that Mr. Qiao received ineffective assistance of counsel in his defense attorney's "affirmative misrepresentation of the deportation consequences of his guilty plea." Letter dated October 5, 2007 ("GL") at 6—7. Nevertheless the government persists in opposing this application because of allegedly unexplained delay in bringing the application and the asserted absence of prejudice. GL at 6—7. Neither contention has any merit. First, on the issue of alleged delay, this case is virtually identical to United States v. Kwan, 2005 U.S. App. LEXIS 14806 (9th Cir. 14806), in which the Ninth Circuit persuasively held that an alien's attempt to fight removal in Immigration Court before seeking coram nobis provided a sufficient reason for not seeking coram nobis earlier, especially given his prior defense counsel's advice. Second, on the issue of prejudice, the government could not be more wrong, for the aggravated felony

classification of Mr. Qiao's offense makes him automatically deportable by depriving him of any opportunity to obtain relief from removal. See, e.g., INS v. St. Cyr, 533 U.S. 201 (2001) (recognizing important distinction between possible deportation and automatic deportation); United States v. Couto, 311 F.3d 179 (2d Cir. 2002) (same).

## ARGUMENT

### THE GOVERNMENT'S OPPOSITION HAS NOT MERIT

In this case, the government concedes that Mr. Qiao received ineffective assistance of counsel under Couto. GL at 6-7. See also Zhang v. United States, 2007 U.S. App. LEXIS 24731 (2d Cir., Oct. 23, 2007) at 17 ("That Zhang's counsel allegedly failed to apprise Zhang more fully of the immigration consequences of his plea, and allegedly failed to take actions which would have shielded Zhang from mandatory deportation, serves as the basis for Zhang's claim of ineffective assistance of counsel, which we no remand to the district court for consideration."). Despite this concession, the government opposes relief on the alleged grounds of delay and absence of prejudice.

At the outset, Carlisle v. United States, 517 U.S. 416, 429 (1996) does not advance either argument, for the language from that decision, quoted by the government, GL at 4, refers to the traditional role of the writ in addressing factual errors material to the validity of a verdict, such as the defendant being under age or having died before a verdict was returned. Naturally, such traditional usage would be understandably rare today and is not invoked here. Instead, this case deals with the more modern application of the writ to attack a conviction where the sentence has been served but there are collateral consequences. See, e.g., Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996);

United States v. Golden, 854 F.2d 31, 32 (3d Cir. 1988): United States v. Ko, 1999 U.S. Dist. LEXIS 19369 (S.D.N.Y. 1999) (Haight, J.).

Turning to the government's delay argument, United States v. Foont, 93 F.3d 76 (2d Cir. 1998) teaches that this issue should be analyzed based upon the unique facts circumstances in each case recognizing that Congress has imposed no statute of limitation for coram nobis. Moreover, neither Foont nor Fleming v. United States, 146 F.3d 88 (2d Cir. 1998), cited by the government are even remotely comparable to the situation here, especially since Fleming rested not upon delay but on the wholly speculative assertion of collateral consequences. Instead, this case is virtually on all fours with Kwan, where, as here, the petitioner had been misadvised by defense counsel about the immigration consequences of his guilty plea and then followed the recommendation of his attorneys in immigration proceedings to contest removability. Similarly here, Mr. Qiao followed the advice of his prior attorneys in removal proceedings to challenge the aggravated felony designation and seek the exercise of prosecutorial discretion to drop the removal proceedings. Declaration of Li Hua Qiao executed October 29, 2007 ("Qiao Dec."); Declaration of Thomas E. Moseley executed October 29, 2007 ("Moseley Dec."), Exhibits A, B, and C. Thus while removal proceedings were instituted in November 2004, the Department of Homeland Security did not take the position that Mr. Qiao was barred from all relief until March 2005, his attorneys contested this claim, and efforts to secure relief continued until the latter part of 2006. Qiao Dec.; Moseley Dec. 2006. In short, as Kwan, 2005 U.S. App. LEXIS 14806 at 17 holds in language directly applicable here against the similar backdrop of misadvice by defense counsel, "Given the fact that defense counsel had advised him that there was little chance his conviction would cause

him to be deported, Kwan's decision to focus on challenging his deportation on the basis of the conviction was reasonable. . . . Although it may have been prudent of Kwan to collaterally attack his conviction earlier, his course of action was reasonable. The law does not require Kwan to challenge his conviction at the earliest opportunity, it only requires Kwan to have sound reasons for not doing so."

The government also falls into serious error on prejudice. GL at 7. First, the government misapprehends the relief that petitioner seeks which is the vacatur of his conviction. In other words, despite what the Petitioner might be prepared to accept in order to negotiate a resolution of this matter, the relief sought as a matter of law is the vacating of his conviction. Only if the government decides to retry to Mr. Qiao and succeeds would have he been convicted of a crime involving moral turpitude rendering him removable under 8 U.S.C. §1182(a)(2). Even assuming, however, that Mr. Qiao's relief were as limited as described by the government, there would still be substantial from defense counsel's conceded ineffective representation, for it is the aggravated felony classification that prevents Mr. Qiao from obtaining relief from removal preserving his lawful permanent resident status. See, e.g., See Lopez v. Gonzales, 127 S.Ct. 625 (Dec. 4, 2006) (severe immigration consequences of aggravated felony conviction noted including bar from statutory eligibility for cancellation of removal under Section 240A(a)(3) of the Immigration & Nationality Act of 1952, as amended (the 'Act'), 8 U.S.C. §1229b(a)(3), allowing the Immigration Court to weigh the good and bad in his life.); Couto, 311 F.3d at 189 (noting automatic character of deportation for alien convicted of an aggravated felony). In short, even accepting the government's arguments

at face value, the prejudicd to Mr. Qiao rests in facing automatic deportation as opposed to the possibility of deportation. See St. Cyr, supra; Couto, supra.

## CONCLUSION

For all the above reasons, coram nobis should be granted.

Dated:      October 29, 2007
            Newark, New Jersey

/s/Thomas E. Moseley
THOMAS E. MOSELEY
One Gateway Center--Suite 2600
Newark, New Jersey 07102
Tel.    (973) 622-8176
Attorneys for Petitioner
